Steven Cherny *(admission pro hac vice pending)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>                  Plaintiff,<br><br>          v.<br><br>ARISTA NETWORKS, INC.,<br><br>                  Defendant. | CASE NO. 3:14-cv-5343<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cisco Systems, Inc. ("Cisco"), for its complaint against Defendant Arista Networks, Inc. ("Arista"), hereby demands a jury trial and alleges as follows:

**INTRODUCTION**

1.      Cisco is an information technology (IT) company that was founded in 1984.  Cisco is the worldwide leader in developing and implementing the networking technologies that enable global interconnectivity and the Internet of Everything.  Cisco employs thousands of networking engineers at its headquarters in San Jose, California, and elsewhere, and invests billions of dollars annually in research and development focused on creating the future of networking technologies.

2.      Decades after Cisco's founding, Arista was founded by former Cisco employees, many of whom are named inventors on Cisco's networking patents.  Among others, Arista's 1) founders, 2) President and CEO, 3) Chief Development Officer, 4) Chief Technology Officer, 5) Senior Vice President for Customer Engineering, 6) Vice President of Business Alliances, 7) former Vice President for Global Operations and Marketing, 8) Vice President of Systems Engineering and Technology Marketing, 9) Vice President of Hardware Engineering, 10) Vice President of Software Engineering, and 11) Vice President of Manufacturing and Platform Engineering all were employed by Cisco prior to joining Arista.  Moreover, four out of the seven members of Arista's Board of Directors were previously employed by Cisco.  Arista's goal is to sell networking products.  Rather than building its products and services based on new technologies developed by Arista, however, and providing legitimate competition to Cisco, Arista took a shortcut by using innovative networking technologies designed, developed, and patented by Cisco.

3.      Notably, Arista was founded by former Cisco employees who were intimately and directly familiar with Cisco's patented networking technologies, including those protected by patents asserted in this action.  Two of Arista's founders, Andreas Bechtolsheim and David Cheriton, developed patented technologies while at Cisco.  While each has had a long career in the networking and computing fields, they are each named inventors on a number of the Cisco patents asserted in this case. Messrs. Bechtolsheim and Cheriton are aware of Cisco patents on which they were named inventors and that they developed while employed by Cisco.  Arista, despite knowing that Cisco's networking

2

technologies are protected by Cisco's patents, blatantly incorporated those technologies into Arista's products.

4.  Arista has acknowledged the substantial investment in time and employment that would have been required to legitimately compete with Cisco. Arista's President and Chief Executive Officer, former Cisco employee Jayshree Ullal, has stated:

> "Since I helped build the enterprise [at Cisco], I would never compete with Cisco directly in the enterprise in a conventional way. It makes no sense. **It would take me 15 years and 15,000 engineers**, and that's not a recipe for success." (emphasis added)

By simply incorporating numerous patented technologies developed by Cisco into Arista's products, covering a variety of critical features, Arista avoided hiring the thousands of engineers and making the substantial investments that would otherwise have been needed to legitimately develop its own technologies. Arista took an unfair shortcut to compete with Cisco using Cisco's own technologies, while avoiding the investments in employees, money, and time that would have been needed to develop products based on new technologies. Indeed, Cisco is not the only party to find itself aggrieved regarding Arista's alleged misappropriation of intellectual property. Arista co-founder David Cheriton has himself alleged that Arista misappropriated his own intellectual property in a complaint filed against Arista by his company, Optumsoft.

5.  Arista's actions have caused harm to Cisco, as alleged below, by incorporating Cisco's patented technologies into Arista's products. The patents asserted in this case were invented by Cisco personnel, are proprietary, and are implemented by Cisco in its innovative products in order to successfully compete in the marketplace. Arista's actions also significantly harm innovation. If Arista's use of Cisco technologies allows it to avoid what is needed to develop new technologies, other companies will be encouraged to simply use others' proprietary technologies rather than to hire engineers, invest in innovation, and develop new technologies. Cisco therefore seeks injunctive relief to stop Arista's widespread and improper infringement of Cisco's lawful patent rights.

6.  Cisco welcomes legitimate competition in the marketplace. Its executives have written and spoken in support of employee mobility, and Cisco believes strongly and has stated that allowing

COMPLAINT FOR PATENT INFRINGEMENT                                    Case No. 3:14-cv-5343

people to move freely between companies fosters innovation.[1]  But Arista has unlawfully and intentionally used technologies developed by Cisco's personnel, including without limitation technologies that Arista's own founders had developed while at Cisco, where Cisco invested the necessary research and development, funding, personnel, and engineering hours to support these innovations.  Arista's intellectual property infringement stifles innovation and cannot be condoned.

**NATURE OF THE ACTION**

7.     This is a civil action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and for such other relief as the Court deems just and proper.

**THE PARTIES**

8.     Plaintiff Cisco is a company duly organized and existing under the laws of California, having its principal place of business at 170 West Tasman Drive, San Jose, CA 95134.

9.     On information and belief, Defendant Arista is a corporation duly organized and existing under the laws of Delaware, having its principal place of business at 5453 Great America Parkway, Santa Clara, CA 95054.

**JURISDICTION**

10.     This civil action asserts claims arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11.     This Court has personal jurisdiction over Arista.  Arista has maintained its principal place of business in the Northern District of California since 2004.  Arista also has engaged in substantial and not isolated business activities in the Northern District of California.  Specifically, Arista, directly and/or through third parties, has made, used, sold, and/or offered for sale within the Northern District of California and/or imported into the Northern District of California infringing networking products.

**VENUE**

12.     Venue properly lies in this District under 28 U.S.C. §§ 1391 and 1400(b) because Arista's principal place of business is in this District, acts of infringement have been committed in this district, and Arista is subject to personal jurisdiction in this district.  In addition, venue is proper because

---

[1]     Cisco, Cisco Blog - The Platform, "Employee Mobility," *available at* http://blogs.cisco.com/tag/employee-mobility/.

4

COMPLAINT FOR PATENT INFRINGEMENT                                    Case No. 3:14-cv-5343

1    Cisco has suffered harm in this district.

2                        **INTRADISTRICT ASSIGNMENT**

3           13.    This Complaint includes an Intellectual Property Action, which is an excepted category

4    under Civil Local Rule 3-2(c).  Consequently, this action is assigned on a district-wide basis.

5                         **GENERAL ALLEGATIONS**

6       **CISCO IS THE WORLDWIDE LEADER IN NETWORKING INNOVATIONS**

7           14.    Founded in 1984, Cisco is the worldwide leader in developing, implementing, and

8    providing the technologies behind networking products and services.  Cisco develops and provides a

9    broad range of networking products and services that enable seamless communication among

10   individuals, businesses, public institutions, government agencies, and service providers.  Specifically,

11   the thousands of engineers who work at Cisco develop and provide networking hardware, software, and

12   services that utilize cutting-edge technologies to transport data, voice, and video within buildings, across

13   cities and campuses, and around the world.

14          15.    Since its founding, Cisco has pioneered many of the important technologies that created

15   and enabled global interconnectivity.  During the past three decades, Cisco has invested billions of

16   dollars, and the time and dedication of thousands of its engineers, in the research and development of

17   networking products and services, culminating in the development of a highly-successful interface and

18   related technologies that have driven the proliferation of Cisco's computer networking technologies and

19   the Internet.

20          16.    Cisco's networking devices and operating systems (including its Internetwork Operating

21   System ("IOS", "IOS XR", and "IOS XE") and its Nexus Operating System ("NX-OS")) are recognized

22   by customers and the industry generally as very important and unique, contributing tremendously to the

23   success and widespread acceptance of Cisco's products.  Included in Cisco's products are features

24   important to the successful deployment of large and small networks and crucial to meeting the demands

25   of today's networking environments, including networking device System Database ("SysDB"), Zero-

26   Touch Provisioning ("ZTP"), On Board Failure Logging ("OBFL"), Control Plane Policing ("CoPP"),

27   Spanning Tree Loop Guard, In-Service System Upgrades ("ISSU"), Virtual Port Channels ("vPC"),

28   Access Control Lists ("ACL"), and Private Virtual Local Area Networks ("Private VLANs").

                                        5

17.     As computing technologies evolve and new networking challenges arise, Cisco has continued to innovate and develop new solutions for its customers.  No matter what type of network environment – whether large scale Internet backbone networks, enterprise-level local area networks, or networks supporting data centers and today's "cloud computing" services – Cisco's technologies have transformed how people connect, communicate, and collaborate.  Cisco remains at the forefront of developing cutting-edge networking technologies: in its last fiscal year alone (FY 2014), Cisco invested more than $6 billion in ongoing research and development and employed more than ten thousand engineers in California and elsewhere.

18.     Cisco's intellectual property rights, including its patent rights, protect the valuable technologies developed by Cisco.  As a result of its innovations, Cisco has developed a substantial portfolio of U.S. patents, including the 12 patents asserted in this action.

### CISCO'S PATENTED TECHNOLOGIES

19.     Cisco's products incorporate numerous patented technologies developed and owned by Cisco.  Twelve examples of Cisco's patented technologies that are included in Cisco's products are described below (collectively, "the Patents-in-Suit").  *See* Exhibit 1.  These patented technologies drive customer demand for Cisco's products, and Cisco relies on these technologies to lawfully compete in the marketplace.

### U.S. Patent No. 6,377,577

20.     U.S. Patent No. 6,377,577 ("the '577 patent") entitled "Access Control List Processing in Hardware" issued on April 23, 2002 and lists Andreas V. Bechtolsheim and David R. Cheriton as inventors.  A true and correct copy of the '577 patent is attached hereto as Exhibit 2.

21.     Cisco is the owner by assignment of the '577 patent and has the full right to enforce and/or license the '577 patent.

22.     The '577 patent is valid and enforceable.

### U.S. Patent No. 7,023,853

23.     U.S. Patent No. 7,023,853 ("the '853 patent") entitled "Access Control List Processing in Hardware" issued on April 4, 2006 and lists Andreas V. Bechtolsheim and David R. Cheriton as inventors.  A true and correct copy of the '853 patent is attached hereto as Exhibit 3.

6

24.     Cisco is the owner by assignment of the '853 patent and has the full right to enforce and/or license the '853 patent.

25.     The '853 patent is valid and enforceable.

**U.S. Patent No. 7,340,597**

26.     U.S. Patent No. 7,340,597 ("the '597 patent") entitled "Method and Apparatus for Securing a Communications Device Using a Logging Module" issued on March 4, 2008 and lists David R. Cheriton as inventor.  A true and correct copy of the '597 patent is attached hereto as Exhibit 4.

27.     Cisco is the owner by assignment of the '597 patent and has the full right to enforce and/or license the '597 patent.

28.     The '597 patent is valid and enforceable.

**U.S. Patent No. 7,162,537**

29.     U.S. Patent No. 7,162,537 ("the '537 patent") entitled "Method and System for Externally Managing Router Configuration Data in Conjunction With a Centralized Database" issued on January 9, 2007 and lists Pradeep Kathail as inventor.  A true and correct copy of the '537 patent is attached hereto as Exhibit 5.

30.     Cisco is the owner by assignment of the '537 patent and has the full right to enforce and/or license the '537 patent.

31.     The '537 patent is valid and enforceable.

**U.S. Patent No. 8,051,211**

32.     U.S. Patent No. 8,051,211 ("the '211 patent") entitled "Multi-Bridge LAN Aggregation" issued on November 1, 2011 and lists Norman W. Finn as the inventor.  A true and correct copy of the '211 patent is attached hereto as Exhibit 6.

33.     Cisco is the owner by assignment of the '211 patent and has the full right to enforce and/or license the '211 patent.

34.     The '211 patent is valid and enforceable.

**U.S. Patent No. 8,356,296**

35.     U.S. Patent No. 8,356,296 ("the '296 patent") entitled "Method and System for Minimal Disruption During Software Upgrade or Reload of a Network Device" issued on January 15, 2013 and

7

lists John Thomas Welder, Ratheesh Krishna Vadhyar, Sudhir Rao, and Thomas W. Uban as inventors. A true and correct copy of the '296 patent is attached hereto as Exhibit 7.

36.     Cisco is the owner by assignment of the '296 patent and has the full right to enforce and/or license the '296 patent.

37.     The '296 patent is valid and enforceable.

**U.S. Patent No. 7,290,164**

38.     U.S. Patent No. 7,290,164 ("the '164 patent") entitled "Method of Reverting to a Recovery Configuration in Response to Device Faults" issued on October 30, 2007 and lists Andrew G. Harvey, John Ng, and Gilbert R. Woodman III as inventors.  A true and correct copy of the '164 patent is attached hereto as Exhibit 8.

39.     Cisco is the owner by assignment of the '164 patent and has the full right to enforce and/or license the '164 patent.

40.     The '164 patent is valid and enforceable.

**U.S. Patent No. 6,741,592**

41.     U.S. Patent No. 6,741,592 ("the '592 patent") entitled "Private VLANs" issued on May 25, 2004 and lists Thomas J. Edsall, Marco Foschiano, Michael Fine, and Thomas Nosella as inventors. A true and correct copy of the '592 patent is attached hereto as Exhibit 9.

42.     Cisco is the owner by assignment of the '592 patent and has the full right to enforce and/or license the '592 patent.

43.     The '592 patent is valid and enforceable.

**U.S. Patent No. 7,200,145**

44.     U.S. Patent No. 7,200,145 ("the '145 patent") entitled "Private VLANs" issued on April 3, 2007 and lists Thomas J. Edsall, Marco Foschiano, Michael Fine, and Thomas Nosella as inventors. A true and correct copy of the '145 patent is attached hereto as Exhibit 10.

45.     Cisco is the owner by assignment of the '145 patent and has the full right to enforce and/or license the '145 patent.

46.     The '145 patent is valid and enforceable.

8

**U.S. Patent No. 7,460,492**

47.     U.S. Patent No. 7,460,492 ("the '492 patent") entitled "Spanning Tree Loop Guard" issued on December 2, 2008 and lists Maurizio Portolani, Shayamasundar S. Kaluve, and Marco E. Foschiano as inventors.  A true and correct copy of the '492 patent is attached hereto as Exhibit 11.

48.     Cisco is the owner by assignment of the '492 patent and has the full right to enforce and/or license the '492 patent.

49.     The '492 patent is valid and enforceable.

**U.S. Patent No. 7,061,875**

50.     U.S. Patent No. 7,061,875 ("the '875 patent") entitled "Spanning Tree Loop Guard" issued on June 13, 2006 and lists Maurizio Portolani, Shayamasundar S. Kaluve, and Marco E. Foschiano as inventors.  A true and correct copy of the '875 patent is attached hereto as Exhibit 12.

51.     Cisco is the owner by assignment of the '875 patent and has the full right to enforce and/or license the '875 patent.

52.     The '875 patent is valid and enforceable.

**U.S. Patent No. 7,224,668**

53.     U.S. Patent No. 7,224,668 ("the '668 patent") entitled "Control Plane Security and Traffic Flow Management" issued on May 29, 2007 and lists Adrian C. Smethurst, Michael F. Keohane, and R. Wayne Ogozaly as inventors.  A true and correct copy of the '668 patent is attached hereto as Exhibit 13.

54.     Cisco is the owner by assignment of the '668 patent and has the full right to enforce and/or license the '668 patent.

55.     The '668 patent is valid and enforceable.

**ARISTA IS WILLFULLY INFRINGING CISCO'S PATENTS**

56.     Decades after Cisco's founding, Arista was founded by former Cisco employees who were intimately and directly familiar with Cisco's pioneering networking technologies, including those protected by patents asserted in this action.  Since its founding, numerous additional Cisco employees have also joined Arista.  For example, Arista founder and Chief Development Officer Andreas Bechtolsheim served as Vice President and General Manager of Cisco's Gigabit Systems Business Unit;

9

Arista founder and Chief Scientist David Cheriton served as a Chief Architect on Cisco's Catalyst products; Arista founder, Chief Technology Officer, and Senior Vice President Kenneth Duda worked at Cisco for several years as a software engineer in Cisco's Gigabit Systems Business Unit; and Arista's current President and Chief Executive Officer, Jayshree Ullal, worked at Cisco for more than a decade, including as Senior Vice President of Cisco's Data Center, Switching, and Services Group (which is responsible for some of Cisco's flagship networking product lines).  Cisco strongly believes, and has repeatedly stated, that mobility of employees between companies fosters innovation.[2]  But widespread intellectual property infringement like that engaged in by Arista stifles innovation and cannot be condoned.

57.     Arista knew that Cisco's pioneering networking technologies drive customer demand for and are important to the market success of Cisco's products.  Rather than invest in the expensive and time-consuming effort that would have been necessary to develop its own features for Arista's products, and specifically instead of investing the time and expense of developing its own technologies, Arista instead decided to use Cisco's pioneering proprietary technologies, and even to explicitly tout these technologies to the market in attempts to sell Arista products that compete directly with Cisco products.

58.     Cisco inventions are important to and drive customer demand for Arista's products.  For example, Cisco's patented technology can be found in Arista's System Database ("SysDB"), Zero-Touch Provisioning ("ZTP"), Multi-Chassis Link Aggregation ("MLAG"), Control Plane Protection ("CoPP"), In-Service System Upgrades ("ISSU"), Extensible API ("eAPI"), Access Control Lists ("ACL"), Spanning Tree Loop Guard, and Private Virtual Local Area Networks ("Private VLANs").

59.     Arista's misappropriation of Cisco technology has been crucial to Arista's attempts to compete with Cisco.  Arista claims that the Cisco technologies it has unlawfully used are the "secret sauce" of its product line, and touts that these features, *inter alia*, "simplif[y] deployment and minimize[] errors," function as the "core" of its operating system, "eliminate bottlenecks and provide resiliency" to "protect the control plane from potential denial of service attacks," and "provide[] the foundation for . . . updates and self-healing resiliency."  By extensively using Cisco's patented

---

[2]   Cisco, Cisco Blog - The Platform, "Employee Mobility," *available at* http://blogs.cisco.com/tag/employee-mobility/.

technologies, Arista took improper shortcuts, thereby avoiding the investments that would have been necessary had Arista not used Cisco's technology.

60.     There is no question that Arista personnel – many of whom worked at Cisco at or after the time the technologies were developed by Cisco – were aware that the pioneering Cisco networking technologies that Arista appropriated are protected by U.S. patents.  For example, two of Arista's own founders are named inventors on a number of Cisco patents asserted in this action.  By this action, Cisco seeks to stop Arista's willful, unauthorized, and improper use of Cisco's patented technologies, and to obtain damages for the significant harm caused to Cisco by Arista's willful infringement of certain Patents-in-Suit.

## COUNT I – INFRINGEMENT OF THE '577 PATENT

61.     Cisco incorporates and realleges Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62.     The USPTO duly and legally issued the '577 patent on April 23, 2002.

63.     Arista has infringed, and continues to infringe, one or more claims of the '577 patent, including at least claim 1, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States networking products that are covered by one or more claims of the '577 patent, including but not limited to the Arista 7048, 7050X, 7250X, 7300, 7300X, and 7500E series of switches, including, without limitation, those devices' implementations of access control list functionality.

64.     The '577 patent was issued to Messrs. Bechtolsheim and Cheriton on April 23, 2002, while they were Cisco employees.  The '577 patent is assigned to Cisco.  Messrs. Bechtolsheim and Cheriton are co-founders of Arista.  Accordingly, Arista has had knowledge of the '577 patent since its founding in October 2004.   In addition to directly infringing the '577 patent, Arista has indirectly infringed and continues to indirectly infringe one or more claims of the '577 patent, including at least claim 1, by actively inducing others to directly infringe the '577 patent in violation of 35 U.S.C. § 271(b).  Specifically, and in light of the knowledge of its founders, Arista knowingly induced infringement of the '577 patent with specific intent to do so by its activities relating to the marketing, distribution, and/or sale of its networking products to their purchasers, including but not limited to the

11

1    Arista 7048, 7050X, 7250X, 7300, 7300X, and 7500E series of switches, and by instructing and

2    encouraging purchasers (including through product documentation) to operate and use those products in

3    an infringing manner with knowledge that these actions would infringe the '577 patent.

4         65.    Arista has contributed to infringement of the '577 patent by others by selling and/or

5    offering for sale to Arista's purchasers within the United States and/or importing into the United States

6    networking products, including but not limited to the Arista 7048, 7050X, 7250X, 7300, 7300X, and

7    7500E series of switches, that are especially made and/or adapted for infringing the '577 patent and are

8    not staple articles of commerce suitable for substantial noninfringing use and that have been sold to

9    purchasers who infringe the '577 patent.  As alleged in the prior paragraphs, the '577 patent was issued

10   to Messrs. Bechtolsheim and Cheriton on April 23, 2002, while they were Cisco employees.

11   Specifically, and in light of the knowledge of its founders, Arista had knowledge that its networking

12   products, including but not limited to the Arista 7048, 7050X, 7250X, 7300, 7300X, and 7500E series of

13   switches, were specifically made and/or adapted for infringement of the '577 patent and are not staple

14   articles of commerce suitable for substantial noninfringing use.

15        66.    Arista's infringement has caused and is continuing to cause damage and irreparable

16   injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that

17   infringement is enjoined by this Court.

18        67.    Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271,

19   281, 283, and 284.

20        68.    Arista has infringed the '577 patent as alleged above despite having prior knowledge of

21   the patent and has acted with willful, intentional, and conscious disregard of the objectively high

22   likelihood that its acts constitute infringement of the '577 patent.  Arista's infringement of the '577

23   patent has been and continues to be willful, entitling Cisco to enhanced damages under 35 U.S.C. § 284.

24                  **COUNT II – INFRINGEMENT OF THE '853 PATENT**

25        69.    Cisco incorporates and realleges Paragraphs 1 through 68 of this Complaint as if fully set

26   forth herein.

27        70.    The USPTO duly and legally issued the '853 patent on April 4, 2006.

28        71.    Arista has infringed, and continues to infringe, one or more claims of the '853 patent,

COMPLAINT FOR PATENT INFRINGEMENT                                   Case No. 3:14-cv-5343

including at least claim 63, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States networking products that are covered by one or more claims of the '853 patent, including but not limited to the Arista 7048, 7050X, 7250X, 7300, 7300X, and 7500E series of switches, including, without limitation, those devices' implementations of access control list functionality.

72.     The '853 patent is a continuation of the '577 patent and was issued on April 4, 2006 to Messrs. Bechtolsheim and Cheriton, and is assigned to Cisco.  In addition to directly infringing the '853 patent, Arista has indirectly infringed and continues to indirectly infringe one or more claims of the '853 patent, including at least claim 63, including by actively inducing others to directly infringe the '853 patent in violation of 35 U.S.C. § 271(b).  Specifically, and in light of the knowledge of Arista's founders of their Cisco patent, Arista knowingly induced infringement of the '853 patent with specific intent to do so by its activities relating to the marketing, distribution, and/or sale of its networking products, including but not limited to the Arista 7048, 7050X, 7250X, 7300, 7300X, and 7500E series of switches, and by instructing and encouraging purchasers (including through product documentation) to operate and use those products in an infringing manner with knowledge that these actions would infringe the '853 patent.

73.     Arista has contributed to infringement of the '853 patent by others by selling and/or offering for sale to Arista's purchasers within the United States and/or importing into the United States networking products, including but not limited to the Arista 7048, 7050X, 7250X, 7300, 7300X, and 7500E series of switches, that are especially made and/or adapted for infringing the '853 patent and are not staple articles of commerce suitable for substantial noninfringing use.  As alleged in the prior paragraphs, the '853 patent was issued to Messrs. Bechtolsheim and Cheriton on April 6, 2006 and is assigned to Cisco.  Specifically, and in light of the knowledge of its co-founders, Arista had knowledge that its networking products, including but not limited to the Arista 7048, 7050X, 7250X, 7300, 7300X, and 7500E series of switches, were specifically made and/or adapted for infringement of the '853 patent and are not staple articles of commerce suitable for substantial noninfringing use.

74.     Arista's infringement has caused and is continuing to cause damage and irreparable injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that

13

1    infringement is enjoined by this Court.

2        75.    Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271,

3    281, 283, and 284.

4        76.    Arista has infringed the '853 patent as alleged above despite having prior knowledge of

5    the patent and has acted with willful, intentional, and conscious disregard of the objectively high

6    likelihood that its acts constitute infringement of the '853 patent.  Arista's infringement of the '853

7    patent has been and continues to be willful, entitling Cisco to enhanced damages under 35 U.S.C. § 284.

8                    <u>**COUNT III – INFRINGEMENT OF THE '597 PATENT**</u>

9        77.    Cisco incorporates and realleges Paragraphs 1 through 76 of this Complaint as if fully set

10   forth herein.

11       78.    The USPTO duly and legally issued the '597 patent on March 4, 2008.

12       79.    Arista has infringed, and continues to infringe, one or more claims of the '597 patent,

13   including at least claim 1, either literally or under the doctrine of equivalents, by making, using, selling,

14   and/or offering for sale within the United States and/or importing into the United States networking

15   products that are covered by one or more claims of the '597 patent, including but not limited to the

16   Arista 7010, 7048, 7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of

17   switches, including, without limitation, those devices' implementations of Arista's process manager

18   functionality.

19       80.    The '597 patent was issued to Arista co-founder Cheriton on March 4, 2008, and is

20   assigned to Cisco.  In addition to directly infringing the '597 patent, Arista has indirectly infringed and

21   continues to indirectly infringe one or more claims of the '597 patent, including at least claim 1,

22   including by actively inducing others to directly infringe the '597 patent in violation of 35 U.S.C. §

23   271(b).  Specifically, and in light of the knowledge of its co-founder, Arista knowingly induced

24   infringement of the '597 patent with specific intent to do so by its activities relating to the marketing,

25   distribution, and/or sale its networking products, including but not limited to the Arista 7010, 7048,

26   7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of switches, and by

27   instructing and encouraging purchasers (including through product documentation) to operate and use

28   those products in an infringing manner with knowledge that these actions would infringe the '597 patent.

81.   Arista has contributed to infringement of the '597 patent by others by selling and/or offering for sale to Arista's purchasers within the United States and/or importing into the United States networking products, including but not limited to the Arista 7010, 7048, 7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of switches, which are especially made and/or adapted for infringing the '597 patent and are not staple articles of commerce suitable for substantial noninfringing use.  As alleged in the prior paragraphs, the '597 patent was issued to Arista co-founder Cheriton on March 4, 2008, and is assigned to Cisco.  Specifically, and in light of the knowledge of its co-founder, Arista had knowledge that its networking products, including but not limited to the Arista 7010, 7048, 7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of switches, were specifically made and/or adapted for infringement of the '597 patent and are not staple articles of commerce suitable for substantial noninfringing use.

82.   Arista's infringement has caused and is continuing to cause damage and irreparable injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

83.   Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

84.   Arista has infringed the '597 patent as alleged above despite having prior knowledge of the patent and has acted with willful, intentional, and conscious disregard of the objectively high likelihood that its acts constitute infringement of the '597 patent.  Arista's infringement of the '597 patent has been and continues to be willful, entitling Cisco to enhanced damages under 35 U.S.C. § 284.

**COUNT IV – INFRINGEMENT OF THE '537 PATENT**

85.   Cisco incorporates and realleges Paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86.   The USPTO duly and legally issued the '537 patent on January 9, 2007.

87.   Arista has infringed, and continues to infringe, one or more claims of the '537 patent, including at least claim 1, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States networking products that are covered by one or more claims of the '537 patent, including but not limited to the

15

Arista 7010, 7048, 7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of switches, including, without limitation, those devices' implementations of Arista's SysDB functionality.

88.   Arista's infringement has caused and is continuing to cause damage and irreparable injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

89.   Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

### COUNT V – INFRINGEMENT OF THE '211 PATENT

90.   Cisco incorporates and realleges Paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.   The USPTO duly and legally issued the '211 patent on November 1, 2011.

92.   Arista has infringed, and continues to infringe, one or more claims of the '211 patent, including at least claim 1, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States networking products that are covered by one or more claims of the '211 patent, including but not limited to the Arista 7010, 7048, 7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of switches, including, without limitation, those devices' implementations of Arista's multi-chassis link aggregation, or MLAG, functionality.

93.   Arista's infringement has caused and is continuing to cause damage and irreparable injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

94.   Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

### COUNT VI – INFRINGEMENT OF THE '296 PATENT

95.   Cisco incorporates and realleges Paragraphs 1 through 94 of this Complaint as if fully set forth herein.

96.   The USPTO duly and legally issued the '296 patent on January 15, 2013.

97.   Arista has infringed, and continues to infringe, one or more claims of the '296 patent,

16

1    including at least claim 1, either literally or under the doctrine of equivalents, by making, using, selling,

2    and/or offering for sale within the United States and/or importing into the United States networking

3    products that are covered by one or more claims of the '296 patent, including but not limited to the

4    Arista 7300, 7300X, 7500, and 7500E series of switches, including, without limitation, those devices'

5    implementations of Arista's in-service software upgrade, or ISSU, functionality.

6          98.    Arista's infringement has caused and is continuing to cause damage and irreparable

7    injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that

8    infringement is enjoined by this Court.

9          99.    Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271,

10   281, 283, and 284.

11   **<u>COUNT VII – INFRINGEMENT OF THE '164 PATENT</u>**

12         100.   Cisco incorporates and realleges Paragraphs 1 through 99 of this Complaint as if fully set

13   forth herein.

14         101.   The USPTO duly and legally issued the '164 patent on October 30, 2007.

15         102.   Arista has infringed, and continues to infringe, one or more claims of the '164 patent,

16   including at least claim 1, either literally or under the doctrine of equivalents, by making, using, selling,

17   and/or offering for sale within the United States and/or importing into the United States networking

18   products that are covered by one or more claims of the '164 patent, including but not limited to the

19   Arista 7010, 7048, 7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of

20   switches, including, without limitation, those devices' implementations of Arista's zero touch

21   provisioning, or ZTP, functionality.

22         103.   Arista's infringement has caused and is continuing to cause damage and irreparable

23   injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that

24   infringement is enjoined by this Court.

25         104.   Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271,

26   281, 283, and 284.

27   **<u>COUNT VIII – INFRINGEMENT OF THE '592 PATENT</u>**

28         105.   Cisco incorporates and realleges Paragraphs 1 through 104 of this Complaint as if fully

COMPLAINT FOR PATENT INFRINGEMENT                                    Case No. 3:14-cv-5343

1   set forth herein.

2        106.   The USPTO duly and legally issued the '592 patent on May 25, 2004.

3        107.   Arista has infringed, and continues to infringe, one or more claims of the '592 patent,

4   including at least claim 6, either literally or under the doctrine of equivalents, by making, using, selling,

5   and/or offering for sale within the United States and/or importing into the United States networking

6   products that are covered by one or more claims of the '592 patent, including but not limited to the

7   Arista 7010, 7050, 7050X, 7100, 7150, 7250X, 7300, and 7300X series of switches, including, without

8   limitation, those devices' implementations of Arista's private VLAN functionality.

9        108.   Arista's infringement has caused and is continuing to cause damage and irreparable

10   injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that

11   infringement is enjoined by this Court.

12        109.   Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271,

13   281, 283, and 284.

14               **COUNT IX – INFRINGEMENT OF THE '145 PATENT**

15        110.   Cisco incorporates and realleges Paragraphs 1 through 109 of this Complaint as if fully

16   set forth herein.

17        111.   The USPTO duly and legally issued the '145 patent on April 3, 2007.

18        112.   Arista has infringed, and continues to infringe, one or more claims of the '145 patent,

19   including at least claim 5, either literally or under the doctrine of equivalents, by making, using, selling,

20   and/or offering for sale within the United States and/or importing into the United States networking

21   products that are covered by one or more claims of the '145 patent, including but not limited to the

22   Arista 7010, 7050, 7050X, 7100, 7150, 7250X, 7300, and 7300X series of switches, including, without

23   limitation, those devices' implementations of Arista's private VLAN functionality.

24        113.   Arista's infringement has caused and is continuing to cause damage and irreparable

25   injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that

26   infringement is enjoined by this Court.

27        114.   Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271,

28   281, 283, and 284.

1

## COUNT X – INFRINGEMENT OF THE '492 PATENT

2  115. Cisco incorporates and realleges Paragraphs 1 through 114 of this Complaint as if fully

3 set forth herein.

4  116. The USPTO duly and legally issued the '492 patent on December 2, 2008.

5  117. Arista has infringed, and continues to infringe, one or more claims of the '492 patent,

6 including at least claim 1, either literally or under the doctrine of equivalents, by making, using, selling,

7 and/or offering for sale within the United States and/or importing into the United States networking

8 products that are covered by one or more claims of the '492 patent, including but not limited to the

9 Arista 7010, 7048, 7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of

10 switches, including, without limitation, those devices' implementations of Arista's loop guard

11 functionality.

12  118. Arista's infringement has caused and is continuing to cause damage and irreparable

13 injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that

14 infringement is enjoined by this Court.

15  119. Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271,

16 281, 283, and 284.

17

## COUNT XI – INFRINGEMENT OF THE '875 PATENT

18  120. Cisco incorporates and realleges Paragraphs 1 through 119 of this Complaint as if fully

19 set forth herein.

20  121. The USPTO duly and legally issued the '875 patent on June 13, 2006.

21  122. Arista has infringed, and continues to infringe, one or more claims of the '875 patent,

22 including at least claim 1, either literally or under the doctrine of equivalents, by making, using, selling,

23 and/or offering for sale within the United States and/or importing into the United States networking

24 products that are covered by one or more claims of the '875 patent, including but not limited to the

25 Arista 7010, 7048, 7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of

26 switches, including, without limitation, those devices' implementations of Arista's loop guard

27 functionality.

28  123. Arista's infringement has caused and is continuing to cause damage and irreparable

19

injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

124.    Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## COUNT XII – INFRINGEMENT OF THE '668 PATENT

125.    Cisco incorporates and realleges Paragraphs 1 through 124 of this Complaint as if fully set forth herein.

126.    The USPTO duly and legally issued the '668 patent on May 29, 2007.

127.    Arista has infringed, and continues to infringe, one or more claims of the '668 patent, including at least claim 1, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale within the United States and/or importing into the United States networking products that are covered by one or more claims of the '668 patent, including but not limited to the Arista 7010, 7048, 7050, 7050X, 7100, 7150, 7250X, 7280E, 7300, 7300X, 7500, and 7500E series of switches, including, without limitation, those devices' implementations of Arista's control plane policing, or CoPP, functionality.

128.    Arista's infringement has caused and is continuing to cause damage and irreparable injury to Cisco, and Cisco will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this Court.

129.    Cisco is entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

## PRAYER FOR RELIEF

WHEREFORE, Cisco prays for relief as follows:

1. For a declaration that Arista has infringed the Patents-in-Suit;

2. For a declaration of a substantial likelihood that Arista will continue to infringe Cisco's intellectual property unless enjoined from doing so;

3. That, in accordance with 35 U.S.C. § 283, Arista, and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns, and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently

20

enjoined from infringing the Patents-in-Suit;

4. For an award of damages sufficient to compensate Cisco for Arista's infringement of the Patents-in-Suit, including lost profits suffered by Cisco as a result of Arista's infringement and in an amount not less than a reasonable royalty;

5. For an award of increased damages in an amount not less than three times the damages assessed for Arista's infringement of the Patents-in-Suit, in accordance with 35 U.S.C. § 284;

6. For a declaration that this case is "exceptional" under 35 U.S.C. § 285, and an award to Cisco of its reasonable attorneys' fees, expenses, and costs incurred in this action;

7. For an award of prejudgment and post-judgment interest; and

8. For such other and further relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Cisco demands a trial by jury on all issues raised by the Complaint.

21

1  DATED: December 5, 2014                    Respectfully submitted,

2

3                                             _/s/ Adam R. Alper_____
                                              Steven Cherny
4                                             steven.cherny@kirkland.com
                                              KIRKLAND & ELLIS LLP
5                                             601 Lexington Avenue
                                              New York, New York 10022
6                                             Telephone: (212) 446-4800
                                              Facsimile: (212) 446-4900
7
                                              Adam R. Alper (SBN 196834)
8                                             adam.alper@kirkland.com
                                              KIRKLAND & ELLIS LLP
9                                             555 California Street
                                              San Francisco, California  94104
10                                            Telephone: (415) 439-1400
                                              Facsimile: (415) 439-1500
11
                                              Michael W. De Vries (SBN 211001)
12                                            michael.devries@kirkland.com
                                              333 South Hope Street
13                                            Los Angeles, California 90071
                                              Telephone: (213) 680-8400
14                                            Facsimile: (213) 680-8500

15                                            *Attorneys for Plaintiff Cisco Systems, Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT                          Case No. 3:14-cv-5343