Juanita R. Brooks (SBN 75934 / brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Kelly C. Hunsaker (SBN 168307 / hunsaker@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>ARISTA NETWORKS, INC., <br><br>　　　　Defendant. | Case No. 5:14-cv-5343-JSW <br><br>ARISTA NETWORKS, INC.'S NOTICE OF UNOPPOSED MOTION AND MOTION FOR MANDATORY STAY OF PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES <br><br>Date:　　　March 6, 2015 <br>Time:　　　9:00 a.m. <br>Judge:　　　The Honorable Jeffrey S. White <br>Courtroom:　5 |

　　　　PLEASE TAKE NOTICE that on March 7, 2015, at 9:00 a.m., or as soon thereafter as it may be heard, in Courtroom 5 of this Court, 2nd floor, 1301 Clay Street, Oakland, CA 94612, before the Honorable Jeffrey S. White, Defendant Arista Networks, Inc. ("Arista"), pursuant to 28 U.S.C. Section 1659(a), will, and hereby does, move the Court for an Order for a mandatory stay of these proceedings until the determinations of Investigation Nos. 337-TA-944 and 337-TA-945 of the United States International Trade Commission, become final.  If the Court deems oral argument unnecessary to grant Arista's unopposed motion in view of the mandatory stay provision of 28 U.S.C. § 1659(a), and it is the Court's preference, then Arista respectfully requests and agrees that its motion may be deemed submitted on the papers without hearing.

Defendant's unopposed motion will be based on this Notice and Motion, and Memorandum of Points and Authorities in Support of the Motion, the Declaration of Kelly C. Hunsaker, and on any other matters of which this Court may take judicial notice, on all pleadings, files and records in this action; and on such other argument as may be received by this Court at the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF ISSUE TO BE DECIDED

The sole issue raised by this unopposed motion is whether the district court should stay these proceedings that wholly relate to the patents-in-suit also at issue in investigations involving Cisco Systems, Inc. ("Cisco") and Arista pending before the International Trade Commission, pursuant to the mandatory stay provisions of 28 U.S.C. § 1659(a).

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2014, Plaintiff Cisco filed a Complaint in this Action seeking a judgment that Arista infringes U.S. Patent Nos. 7,200,145; 7,162,537; 8,356,296; 7,290,164; 7,340,597; 6,741,592; 7,023,853; 6,377,577; 7,460,492; 7,061,874; 7,224,668; and 8,051,211 (the "Cisco Patents").  See District Court Complaint, filed December 5, 2014, Document No. 1.  Shortly thereafter, on December 19, 2014, Cisco filed two Complaints under Section 337 of the Tariff Act of 1930, as amended, with the United States International Trade Commission ("ITC" or "Commission"), requesting that the ITC institute and conduct investigations into alleged infringement by Arista of the same patents as those at issue in the instant Action.  See Declaration of Kelly C. Hunsaker ("Hunsaker Decl.,"), Exhibits 2-3.

On January 21, 2015, the Commission voted to institute investigations entitled In the Matter of Certain Network Devices, Related Software and Components Thereof (I), ITC Investigation No. 337-TA-944 (the "944 Investigation") and In the Matter of Certain Network Devices, Related Software and Components Thereof (II), ITC Investigation No. 337-TA-945 (the "945 Investigation"), naming Arista as Respondent.  See id., Exhibits C, D.  The 944 Investigation

1  commenced as a result of Cisco's allegations that Arista infringes certain claims of Cisco's Patent
2  Nos. 7,200,145; 7,162,537; 8,356,296; 7,290,164; 7,340,597; 6,741,592. See id., Exhibit A, at 1.
3  The 945 Investigation commenced as a result of Cisco's allegations that Arista infringes certain
4  claims of Cisco's Patent Nos. 7,023,853; 6,377,577; 7,460,492; 7,061,874; 7,224,668; and
5  8,051,211. See id., Exhibit B, at 1.
6        The 944 and 945 Investigations will determine whether there is a violation of Section 337
7  in the importation into the United States, sale for importation, and/or sale within the United States
8  after importation of certain network devices, related software and components by reason of
9  infringement of certain claims of the Cisco Patents. The twelve patents at issue in the two ITC
10 investigations wholly overlap with the patents at issue in this district court action. Compare
11 District Court Complaint, Counts I-XII, filed December 5, 2014, Document No. 1, with Hunsaker
12 Decl., Exhibits A, B.
13       On January 28 2015, counsel for Arista inquired whether Cisco would oppose this motion.
14 On January 29, 2015, Cisco's counsel responded that Cisco would not oppose this motion to stay.

15 **III.    ARGUMENT & AUTHORITIES**

16       This Action is subject to the mandatory stay provision of 28 U.S.C. §1659 and thus must
17 be stayed until the conclusion of the 944 and 945 Investigations. Specifically, section 1659(a) of
18 Title 28 provides:

19-23
> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—(1) 30 days after the party is named as a respondent in the proceeding before the Commission . . . .

24
25 28 U.S.C. § 1659(a) (Supp. 1998) 28 U.S.C. § 1659(a). Thus, this section requires a stay of district
26 court proceedings until the ITC proceedings involving the same issues are no longer subject to
27 judicial review. See In re Princo Corp., 478 F.3d 1345, 1355 (Fed. Cir. 2007); FormFactor, Inc. v.
28 Micronics Japan Co., Case No. CV-06-07159, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) (In

1  circumstances where 28 U.S.C. § 1659 applies, "a court must stay a civil action in favor of ITC
2  proceedings."); <u>Micron Tech., Inc. v. Mosel Vitelic Corp.</u>, Case No. CIV-98-0293, 1999 WL
3  458168, *2 (D. Idaho Mar. 31, 1999) ("[T]he Court is statutorily required to stay" those claims
4  that are also before the ITC where the ITC respondent timely moved to stay the district court
5  action.); <u>Universal Tool & Stamping Co. v. Ventra Group, Inc.</u>, 46 U.S.P.Q.2d 1799, 1800 (N.D.
6  Ind. 1998) (stating that "such a stay (again in the words of the statute) shall be of the 'proceedings
7  in the civil action' and hence the Court will not fashion an exemption to the stay by requiring the
8  defendant to file an answer or make any order relating to discovery").

9      Arista's request for a stay meets the requirements of 28 U.S.C. §1659(a).  First, Cisco's
10 allegations in this Action involve the same issues as those in the 944 and 945 Investigations:
11 Arista's alleged infringement of the Cisco Patents, the validity and enforceability of the Cisco
12 patents, and any other defenses that might be raised to Cisco's allegations of infringement.
13 Indeed, there is complete overlap between the parties and patents at issue in the instant action and
14 the ITC Investigations.  <u>Compare</u> District Court Complaint, Counts I-XII, filed December 5, 2014,
15 Document No. 1, <u>with</u> Hunsaker Decl., Exhibits A, B.  Accordingly, Counts One through Twelve
16 of Cisco's Complaint in these proceedings are claims that "involve[] the same issues involved in
17 the proceeding before the Commission," and must be stayed under section 1659(a).  28 U.S.C. §
18 1659(a).

19     Second, Arista's request for a stay is timely.  The Federal Register published the ITC's
20 Notices of Investigation, thereby instituting the investigations naming Arista as a Respondent, on
21 January 27, 2014.  Hunsaker Decl, Exhibit E.  Thus, the thirty-day period under 28 U.S.C.
22 §1659(a)(1) for Arista to request a stay does not expire until February 26, 2015, making this
23 request for a stay timely.

24     Because Arista has filed this Motion in a timely manner in accordance with 28 U.S.C.
25 §1659, the Court should immediately stay this action pending a final determination by the ITC in
26 the 944 and 945 Investigations.

IV. CONCLUSION

For the foregoing reasons, Arista respectfully requests this Court to grant its motion to stay these proceedings until the determination in the ITC Actions become final. A proposed Order is attached hereto.

Dated: January 29, 2015        FISH & RICHARDSON P.C.

                               By: */s/ Kelly C. Hunsaker*
                                   Kelly C. Hunsaker

                               Attorneys for Defendant Arista Networks, Inc.