Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, California 90071
Telephone:  (213) 680-8400
Facsimile:  (213) 680-8500

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
Sarah E. Piepmeier (SBN 227094)
sarah.piepmeier@kirkland.com
Akshay Deoras (SBN 301962)
akshay.deoras@kirkland.com
Robert N. Kang (SBN 274389)
robert.kang@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone:  (415) 439-1400
Facsimile: (415) 439-1500

Douglas E. Lumish, Bar No. 183863
Jeffrey G. Homrig, Bar No. 215890
Patricia Young, Bar No. 291265
Brett Sandford, Bar No. 302072
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Fax: (650) 463-2600
doug.lumish@lw.com
jeff.homrig@lw.com
patrcia.young@lw.com
brett.sandford@lw.com

Brian W. Lewis, Bar No. 290727
**LATHAM & WATKINS LLP**
505 Montgomery Street
San Francisco, California 94111
Tel: (415) 646-7860
Fax: (415) 395-8095
brian.w.lewis@lw.com

*Attorneys for Plaintiff Cisco Systems, Inc.*          *Attorneys for Defendant Arista Networks, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>                    Plaintiff,<br>          v.<br><br>ARISTA NETWORKS, INC.,<br><br>                    Defendant. | Case No. 4:14-cv-5343<br><br>**JOINT STATUS REPORT PURSUANT TO DKT. NO. 35**<br><br>Judge: Honorable Jeffrey S. White<br><br>Action Filed: December 5, 2014<br><br>Trial Date: None Set |

Pursuant to the Court's March 6 Order (Dkt. No 35), Plaintiff Cisco Systems, Inc. ("Cisco") and Defendant Arista Networks, Inc. ("Arista", collectively "the parties") submit this Joint Status Report.

## I.      PROCEDURAL OVERVIEW AND CURRENT STATUS

On December 5, 2014, Cisco filed this action, alleging that Arista infringes twelve Cisco patents: U.S. patent numbers 6,377,577 ("the '577 patent"); 7,023,853 ("the '853 patent"); 7,340,597 ("the '597 patent"); 7,162,537 ("the '537 patent"); 8,051,211 ("the '211 patent"); 8,356,296 ("the '296 patent"); 7,290,164 ("the '164 patent"); 6,741,592 ("the '592 patent"); 7,200,145 ("the '145 patent"); 7,460,492 ("the '492 patent"); 7,061,875 ("the '875 patent"); and 7,224,668 ("the '668 patent").  On December 19, 2014, Cisco filed two Complaints with the United States International Trade Commission ("ITC" or "Commission"), under Section 337 of the Tariff Act of 1930, requesting that the ITC institute and conduct investigations into Cisco's allegations that Arista infringes those twelve patents.  On January 21, 2015, the Commission instituted ITC Investigation No. 337-TA-944 ("944 Investigation"), which involved the '597, '537, '296, '164, '592, and '145 patents, and ITC Investigation No. 337-TA-945 ("945 Investigation"), which involved the '577, '853, '211, '492, '875, and '668 patents.

On January 29, 2015, Arista moved to stay this action pending resolution of the ITC proceedings pursuant to 28 U.S.C. § 1659(a).  Cisco did not oppose that request, and on February 10, 2015, the Court stayed this action "until the determination of the United States International Trade Commission ('ITC') in Investigation Nos. 337-TA-3045 [sic] and 337-TA-3046 [sic], becomes final." Order No. 34 at 1.

### The ITC's 944 Investigation

On June 23, 2016, the Commission issued its Final Determination in the 944 Investigation, finding a violation of Section 337 due to Arista's infringement of the '537, '592, and '145 patents, and no violation by Arista with respect to the '597 and '164 patents.[1]  Based on that determination, the Commission issued a Limited Exclusion Order (an "LEO") and Cease-and-Desist Order ("CDO")

---

[1]    Cisco withdrew its infringement allegations for the '296 patent on August 20, 2015.

prohibiting, *inter alia*, Arista from importing its products found to infringe the '537, '592, and '145 patents.

All appeals of the Final Determination issued in connection with the 944 Investigation have now concluded. On August 22, 2016, Cisco appealed to the Federal Circuit to review the Commission's determination of non-infringement of the '597 patent. On August 24, 2016, Arista appealed to the Federal Circuit to review the Commission's construction of particular terms of the '537 patent, and whether the Commission exceeded its authority by issuing remedial orders applying to the importation of switch "components." The Federal Circuit held oral argument on June 6, 2017. On September 27, 2017, the Federal Circuit issued a sealed opinion, affirming the Commission's Final Determination. The Federal Circuit issued its mandate on November 20, 2017, and Arista did not file for a petition for writ of certiorari with the Supreme Court.

### The ITC's 944E Enforcement Proceeding

On August 26, 2016, Cisco petitioned the Commission to institute an Enforcement Proceeding with the ITC ("944E Enforcement Proceeding") based on Cisco's claim that Arista's allegedly "redesigned" products found to infringe the '537 patent are still infringing and in violation of the CDO issued in the 944 Investigation. The '537 patent is the only patent involved in that proceeding. The ALJ issued his initial determination in the 944E Enforcement Proceeding on June 20, 2017, finding no violation of the CDO. Cisco petitioned the Commission to review that initial determination, and on August 4, 2017, the Commission remanded the 944E Enforcement Proceeding for further proceedings. The ALJ held a hearing on February 1, 2018, and the ALJ is scheduled to issue a final remand enforcement initial determination no later than June 4, 2018. 8/25/17 Order No. 55 (EDIS No. 621226) at 3.

### The ITC's 945 Investigation

On May 4, 2017, the Commission issued its Final Determination in the 945 Investigation, finding a violation of Section 337 due to Arista's infringement of the '577 and '668 patents, and no violation by Arista with respect to the '853, '875, '492, or '211 patents. Based on that determination, the Commission issued an LEO and CDO prohibiting, *inter alia*, Arista from importing its products found to infringe the '577 and '668 patents.

On July 3, 2017, Cisco appealed to the Federal Circuit to review the Commission's determinations as to the '211, '853, '492, and '875 patents, but ultimately briefed only the '211 patent. On July 21, 2017, Arista appealed the Federal Circuit to review Commission's determination of infringement and no invalidity of the '577 and '668 patents.  The appeal of the 945 Investigation is currently ongoing.  Only the '577, '668, and '211 patents are currently at issue in that appeal, and neither Cisco nor Arista has contested any of the ITC's determinations made with respect to the '853, '492, or '875 patents in its briefing to the Federal Circuit.

### The ITC's 945 Modification Proceeding

On October 27, 2017, the Commission instituted a modification proceeding ("945 Modification Proceeding") to determine whether Arista's allegedly "redesigned" products infringe the '577 and '668 patents in violation of the Commission's Orders.  The '577 and '668 patents are the only patents involved in this proceeding.  A hearing was held on January 26, 2018 and the ALJ's recommended determination ("RD") in connection with the 945 Modification Proceeding was scheduled to be issued by no later than April 27, 2018.[2]  Based on a recent Federal Circuit affirmance of a Patent Trial and Appeal Board ("PTAB") decision finding all of the '668 patent claims asserted in that proceeding (but not all claims of the '668 patent) unpatentable, Arista moved the ALJ presiding over the 945 Modification Proceeding to stay those proceedings insofar as they relate to the '668 patent pending resolution of any further appeal by Cisco; Cisco did not oppose that request.  Arista also moved the ALJ to suspend enforcement of any '668 patent-related portions of a modified order resulting from the Modification Proceeding, and moved the ALJ, the Commission, and the Federal Circuit to stay enforcement of the LEO and CDO as it relates to the '668 patent.  On Friday, March 23, 2018 the ALJ denied Arista's motion to stay, finding that the existing LEO and CDO would be rescinded with respect to the '668 patent if the decision could be made at the ALJ's level, but that it is instead the Commission's decision to make.  On March 23, 2018, Cisco filed a response taking no position on Arista's stay motion to the Commission.  Cisco is reviewing Arista's motion before the Federal Circuit, and its deadline for responding to that motion has not yet passed.  Also on Friday, March 23, 2018,

---

[2]  The Commission set the due date for the RD to March 27, 2018 (10/27/17 Commission Order, EDIS No. 626954), but this date could have been extended by one month for good cause.

the Initial Determination in the 945 Modification Proceeding issued, finding a violation as to the '668 patent and recommending that the LEO and CDO be modified to include the redesigned switches with respect to that patent, while indicating that the claims of that patent asserted in that proceeding are likely to be canceled due to the pending appeals described above.  The Initial Determination found no violation as to the '577 patent and recommends that the currently enforced LEO and CDO issued against Arista be rescinded or modified to remove references to the '577 patent.

### Summary of ITC Proceedings

The below table summarizes the status of each of the ITC proceedings, by patent, for each of the patents asserted in this action.

| Count | Patent No. | Current Status |
|-------|-----------|----------------|
| I | 6,377,577 | ITC proceeding pending before ALJ (945 Modification Proceeding) and Federal Circuit (945 Investigation appeal) |
| II | 7,023,853 | No pending ITC proceeding (945 Investigation) |
| III | 7,340,597 | No pending ITC proceeding (944 Investigation) |
| IV | 7,162,537 | ITC proceeding pending before ALJ (944E Enforcement Proceeding) |
| V | 8,051,211 | ITC proceeding pending before Federal Circuit (945 Investigation) |
| VI | 8,356,296 | No pending ITC proceeding (944 Investigation) |
| VII | 7,290,164 | No pending ITC proceeding (944 Investigation) |
| VIII | 6,741,592 | No pending ITC proceeding (944 Investigation) |
| IX | 7,200,145 | No pending ITC proceeding (944 Investigation) |
| X | 7,460,492 | No pending ITC proceeding (945 Investigation) |
| XI | 7,061,875 | No pending ITC proceeding (945 Investigation) |
| XII | 7,224,668 | ITC proceeding pending before ALJ (945 Modification Proceeding) and Federal Circuit (945 Investigation appeal) per above, Arista has filed certain motions to stay with respect to the '668 patent and Cisco has responded as described above |

### Summary of Relevant *Inter Partes* Review Proceedings

While the aforementioned Commission proceedings were underway, Arista filed petitions for *inter partes* review challenging certain claims of eight patents Cisco asserts in this case.  The PTAB has issued final decisions – either denying institution or final written decisions ("FWD") – in each proceeding.  However, five Federal Circuit appeals from those final decisions (five appeals filed by Arista and three cross-appeals filed by Cisco) remain pending.  The table below summarizes the status of each remaining IPR proceeding, by patent:

| Patent No. | IPR No. | Current Status |
|---|---|---|
| '211 | IPR2015-00975 | The PTAB issued a FWD finding claims 1 and 12 of the '211 patent unpatentable, and claims 2, 6-9, 13, and 17-20 not unpatentable.  Arista appealed, and Cisco cross-appealed, this FWD to the Federal Circuit.  The appeals are currently pending. |
| '597 | IPR2015-00978 | The PTAB issued a FWD finding claims 1, 14, 39-42, 71-72, and 84-85 of the '597 patent unpatentable, and claims 29, 63-64, 73, and 86 not unpatentable.  Arista appealed, and Cisco cross-appealed, this FWD to the Federal Circuit.  The appeals are currently pending. |
| '577 | IPR2016-00303 | The PTAB issued a FWD finding claims 1, 7-10, 12-16, 18-22, 25, and 28-31 of the '577 patent unpatentable, and claim 2 not unpatentable.  Arista appealed, and Cisco cross-appealed, this FWD to the Federal Circuit.  The appeals are currently pending. |
| '853 | IPR2016-00306 | The PTAB issued a FWD finding claim 63 of the '853 patent not unpatentable.  Arista appealed this FWD to the Federal Circuit, and that appeal is currently pending. |
| '537 | IPR2016-00308 | The PTAB issued a FWD finding claims 1, 10, 19, and 21 of the '537 patent not unpatentable.  Arista appealed this FWD to the Federal Circuit, and that appeal is currently pending. |

## II.    CISCO'S PROPOSAL

Eight of the twelve Cisco patents asserted in this action are no longer the subject of any pending ITC proceeding or appeal:  the '853, '597, '164, '592, '145, '492, '296, and '875 patents.  Cisco proposes that the Court lift the stay of this action as it relates to seven of those patents—the '597, '164, '592, '145, '492, '296, and '875 patents[3]—or alternatively sever those seven patents into a separate action that is allowed to proceed, while leaving this action stayed until the pending ITC proceedings related to those patents are completed[4].  Allowing Cisco to proceed on these claims is consistent with 28 U.S.C. § 1659 and other governing authorities, and is fair, considering that Cisco has waited three years thus far for its day in federal court, while Arista has been intentionally infringing and copying Cisco's technologies—facts which have now been repeatedly confirmed by the ITC.  Arista's

---

[3]    Although the '853 patent is not subject to a pending ITC proceeding, it shares the same specification as the '577 patent (still pending in ITC proceedings).  As such, Cisco does not propose that the stay be lifted with respect to the '853 patent.

[4]    The '668 patent includes numerous additional claims not at issue in the ITC proceeding or subject to the PTAB ruling described above, which Arista is also clearly using.  Given the current pendency of proceedings in the ITC related to the '668 patent and the ALJ's recent finding that even Arista's alleged "redesign" continues to use Cisco's patented technology, as described above, Cisco does not seek to un-stay these proceedings with respect to those claims of the '668 patent at this time.

1    suggestion that the large bulk of Cisco's case no longer subject to any pending ITC proceeding should

2    continue to sit in limbo while proceedings on three unrelated patents conclude is unprecedented and

3    would frustrate Cisco's attempts to stop Arista from continuing to use its patented technologies—

4    contrary to its suggestion, Arista does continue to use Cisco's patented technologies without Cisco's

5    permission.  Moving forward is particularly important considering Cisco's claims for injunctive relief

6    on the patents no longer subject to the ITC proceedings.  Such requests are especially appropriate

7    given Arista's continued attempts to use Cisco's patented technologies against it in the marketplace,

8    and Cisco would be greatly prejudiced if such claims are not permitted to proceed to resolution.[5]

9    **A.    The Law Does Not Support A Continued Stay Of This Action For Patents No**

10         **Longer Involved In Any Pending ITC Proceedings**

11         Cisco filed this case more than three years ago.  While there were legal grounds to stay Cisco's

12   action pending resolution of the two ITC investigations instituted shortly thereafter, those reasons no

13   longer apply to the majority of patents in this action.  Eight of those Cisco patents are not the subject

14   of any pending ITC proceeding.  Accordingly, the law does not support a continuing stay for those

15   patents.

16         When a patent is the subject of an ITC investigation and also a district court litigation, 28

17   U.S.C. § 1659 provides for a stay of "proceedings in the civil action with respect to **any claim** that

18   involves the same issues involved in the proceeding before the Commission" if a proper request for a

19   stay is made.  *Id.* (emphasis added).  For eight of the twelve patent counts (or "claims") in this action,

20   that mandatory stay no longer applies because those patents are no longer subject to any pending ITC

21   proceeding.  *See, e.g., id.; In re Princo Corp.*, 478 F.3d 1345, 1355, 81 U.S.P.Q.2d 1997, 2004 (Fed.

22   Cir. 2007) (holding "§ 1659 requires that the stay of district court proceedings continue **until** the

23   Commission proceedings **are no longer subject to judicial review**.") (emphasis added); *see also*

24   *Technology Properties Ltd. LLC, v. Barnes & Noble, Inc.,* 2015 WL 12977074, fn 21, (N.D.Cal. May

25   31, 2015) ("Absent Plaintiffs' assent to a stay of the entire case, the court was only required to stay

26

27   _____

     [5]  Arista's suggestion that Cisco's proposal is merely in reaction to the Court's order requesting a status update is
28        incorrect — as can be seen from the chart above, as a result of recent developments, the pending ITC proceedings
          are now focused on a small subset of patents and issues.

the cause of action on the '336 patent," which was involved in an ITC proceeding, because the other patents-in-suit were not the subject of any pending ITC proceeding).

Moving forward with the patents no longer subject to ITC proceedings is consistent with the Court's inherent discretionary powers to lift stays.  *See, e.g., Cascades Computer Innovation LLC v. RPX Corp.*, No. 12-CV-1143 YGR, 2015 WL 1383818, at *1 (N.D. Cal. Mar. 23, 2015) (citing *Akeena Solar Inc. v. Zep Solar Inc.*, No. C 09–05040 JSW, 2011 WL 2669453, at *2 (N.D.Cal. July 7, 2011)). Specifically, a court may lift a stay if the circumstances warranting its imposition have since "changed significantly." *Id.*  Here, the circumstances warranting imposition of the mandatory stay provided for by 28 U.S.C. § 1659 have without question "changed significantly" with respect to the Cisco patents for which Cisco seeks to lift the stay: there are no pending ITC proceedings involving any of those patents, and as such there is no reason or legal justification for continuing the stay of this action with respect to those patents.

Courts routinely stay an action only with respect to the patents that are subject to 28 U.S.C. § 1659, while allowing other asserted patents not at issue in an ITC investigation to proceed.  For example, in *Macronix International Co., Ltd. v. Spansion Inc.,* No. 5:14-CV-01890-BLF, 2014 WL 12647759 (N.D. Cal. 2014), the plaintiff asserted seven patents, four of which were at issue in an ITC investigation and therefore subject to the mandatory stay provision of 28 U.S.C. § 1659.  The Court granted defendants' stay motion only with respect to the patents that were the subject of a parallel ITC proceeding (the "overlapping patents"), but did not stay the action with respect to patents not involved in an ITC proceeding[6] concluding "that practicality and fairness best are served by permitting discovery to go forward as to the three non-overlapping patents." *Id.* at *1-*2.  *See also American Honda Motor Co., Inc., v. The Coast Distribution System, Inc.* No. C 06-04752JSW, 2007 WL 672521, at *2 (N.D.Cal. Feb. 26, 2007) (Denying motion to stay pending ITC proceeding because "the ITC's interpretation of the '273 and '769 Patents will not necessarily inform this Court about the three additional patents.").

---

[6]  The Court permitted discovery to proceed but stayed motion practice and compliance with local patent rule disclosure requirements.

1    Arista attempts to avoid these clear authorities—and the fact that 28 U.S.C. § 1659 is expressly

2    limited to "any claim" involved in an ITC investigation—by suggesting the Court should override

3    those decisions because it will allegedly be inefficient not to move forward with this twelve-patent

4    case all at once.  *Infra*, **Section III.B.**  Arista argues that "[a]ll of these patents present significant

5    overlap," but never denies—-because it cannot—that the patents are directed to wholly different

6    accused Arista features.  *Id.*  For example, the '537 patent still at issue in the ITC's 944E Enforcement

7    Action is infringed by an Arista feature called "SysDB," while the '492 and '875 are infringed by a

8    separate Arista feature called "Loop Guard," and the '597 patent is infringed by another Arista feature

9    called "ProcMgr."  Arista cannot seriously think that proceedings will be *more* efficient by requiring

10   the parties to move forward on all twelve of these patents at once.  Indeed, the patents were split into

11   two separate investigations in the ITC (six patents in each), and there is no question that this

12   proceeding could similarly benefit by being broken down into two (or more) separate actions—*i.e.*, to

13   make claim construction, summary judgment, and fact and expert discovery more manageable.

14   Moreover, the state of the appeal relating to the '597 patent does not suggest that proceedings

15   relating to that patent should be further stayed.  As Arista acknowledges, the PTAB rejected Arista's

16   request to invalidate every claim of that patent, specifically finding claims 29, 63-64, 73, and 86 valid

17   over the prior art.  And although obscured by Arista's description of those proceedings, the PTAB did

18   not even institute an IPR proceeding on numerous claims of that patent. For example, the PTAB

19   refused to institute on claim 15, despite Arista's request that it do so (a decision that is not appealable).

20   And the PTAB also did not institute on claims 2-13, 16-28, 30-38, 43-62, 65-70, 74-83, 87-110 of that

21   patent.  Arista's deadline for filing further IPR proceedings on that patent has long since expired.  35

22   U.S.C. § 315(b).  Accordingly, regardless of the outcome of the IPR appeal, there is no question that

23   Cisco can proceed on at least 95 claims of the '597 patent in this proceeding, and that those claims

24   will not be the subject of ongoing IPR proceedings in this case.  And even for the handful of claims

25   still involved in the IPR appeal, the hearing of that appeal occurred on February 9, 2018, and a decision

26   is expected from the Federal Circuit shortly.

27   Therefore, practicality and fairness also are best served by allowing Cisco to proceed on its

28   claims for infringement of patents that are not currently the subject of any pending ITC proceeding.

**B.    Cisco Will Be Prejudiced By Continuing The Stay of Patents Not Subject to Any ITC Proceeding.**

The stay should also be lifted because continuing it will unfairly prejudice Cisco, while benefiting Arista, an adjudicated copyist and intentional infringer.  *See Akeena Solar Inc. v. Zep Solar Inc.*, 2011 WL 2669453, at *2 (assessing prejudice and efficiency factors in context of motion to lift stay pending re-examination).

Specifically, the Commission determined that Arista infringed five Cisco patents, took deliberate steps to avoid learning of its infringing conduct[7], and expressly found that Arista has a "corporate culture of copying."  4/19/17 944 Investigation Commission Opinion (EDIS No. 609119) at 20.  At the same time, this action has been pending for more than three years, and has been stayed for nearly all of that time, forestalling Cisco's ability to obtain injunctive relief and monetary damages for Arista's infringement not available through ITC proceedings.  Continuing to stay this action with respect to the patents no longer involved in any ITC proceeding prejudices Cisco's ability to litigate its rights in federal court, and to obtain remedies for Arista's infringement. For example, the Commission issued its final decision that Arista intentionally infringed the PVLAN ('592 and '145) patents nearly 18 months ago.  Permitting Arista to further delay adjudication of Cisco's claims of infringement of those patents would deprive Cisco of its day in federal court on those and the other patents that are the subject of this proposal.

Arista argues that Cisco will not be harmed by continuing to keep the numerous patents not subject to any ITC proceeding "on ice," insisting that "Cisco's claims here are merely about trying to establish that it is entitled to money damages …, not to halt some ongoing injustice."  ***Infra.,* Section III.A.** That is not accurate.  Cisco certainly seeks monetary damages for Arista's willful decisions to copy and use Cisco's patented technologies.  But Cisco also seeks important injunctive relief.  Arista continues to use Cisco's patented Loop Guard and ProcMgr technologies, for example, as well as numerous other patented Cisco technologies. Cisco intends to ask the Court to enjoin Arista's ongoing

---

[7]    6/1/17 945 Investigation Public Commission Opinion (EDIS No. 613184) at 110.

infringement.  Arista's argument that Cisco will not be harmed by a continuing stay therefore rests on a false premise and should be rejected.

Moving forward on these patents now can be accomplished efficiently.  The parties already exchanged discovery in the ITC proceedings.  Indeed, technical discovery, including document production, was substantially completed in the ITC, and any supplemental discovery will be a focused and targeted matter in these proceedings.  Arista suggests that more discovery might be needed, but does not deny the obvious efficiencies that will result from the fact that the parties have already exchanged substantial quantities of technical, financial, and email discovery in connection with the two now-concluded ITC investigations.

By contrast, there are no efficiency gains to be had by prolonging the stay with respect to these patents.  The seven patents for which Cisco seeks to lift the stay—which are no longer involved in any pending ITC proceeding—are unrelated to the other five patents.  They relate to different technologies and accused features in Arista's devices, and there is no overlap between the proof needed for infringement or validity.  And because these seven patents are no longer the subject of ITC proceedings, there are no simplification-of-issues benefits to continuing the stay with respect to those patents pending resolution of other proceedings involving unrelated patents.  For these reasons, the stay should be lifted, and Cisco should be permitted to move forward with its claims on the '597, '164, '592, '145, '492, '296, and '875 patents.

## III.    ARISTA'S RESPONSE

Cisco seeks to reopen this case prematurely.  Cisco's own conduct establishes that there is no urgency to do so, and thus no undue prejudice.  The parties' experience in this litigation also establishes that there is a strong likelihood that reopening proceedings now will cause duplication, waste resources, and burden this Court and Arista unreasonably.  Consequently, the Court should not lift the stay until ITC-related proceedings are complete for *all* of the patents that Cisco will ultimately pursue in this action.  As an independent matter, the '597 patent remains mired in PTAB proceedings— the PTAB determined that ten asserted claims are unpatentable while others are not unpatentable, both parties appealed, and that appeal is pending.  So proceedings for the '597 patent should remain stayed, regardless of what the Court decides to do with the other six patents.

1

## A.     There is No Urgency And No Undue Prejudice

2       Despite Cisco's rhetoric, there is no urgency to reopen proceedings here.  Of the seven patents

3   Cisco seeks to jumpstart, four—the '597, '164, '492, and '875 patents—are patents that the ITC found

4   Arista's products *do not* infringe.  A fifth patent—the '296 patent—Cisco *dropped* of its own volition

5   during the ITC proceedings.   And while the ITC did find that certain aspects of Arista's legacy

6   products infringe the '592 and '145 patents, Arista removed the features found to infringe from its

7   products—a fact that even Cisco does not contest, for it elected *not* to seek ITC enforcement or

8   modification proceedings on these patents, as it did for other patents at issue in the 944 Proceeding

9   (the '537 patent) and the 945 Proceeding (the '668, and '577 patents).  So Cisco's claims here are

10  merely about trying to establish that it is entitled to money damages (it is not, because Arista's legacy

11  and current products do not infringe), not to halt some ongoing injustice as it suggests.

12      Cisco's own conduct underscores this lack of urgency.  It knew about the allegedly infringing

13  products for years before it started accusing Arista of infringement.  And even after it finally brought

14  suit, Cisco's pace remained languid.  For example, in the 944 Proceeding, Cisco's and Arista's Federal

15  Circuit appeals on the '597 and '537 patents, respectively, concluded nearly six months ago, on

16  September 28, 2017.  And it was many months earlier that the parties elected not to appeal the ITC

17  determinations in the 944 Proceeding as to the '592, '145, and '164 patents.  Likewise, while the

18  parties' Federal Circuit appeals in the 945 Proceeding remain pending, nearly a year has passed since

19  the parties elected *not to contest* the ITC's findings as to the '853, '492, and '875 patents.  But Cisco

20  made no effort to reopen this case as ITC-related proceedings for these patents concluded.  And, of

21  course, even now Cisco exhibits no urgency apart from its rhetoric—it made this proposal only when

22  prompted by the Court to file a status report, not of its own independent motivation.

23      Cisco attempts to respond to Arista's section by arguing that "[m]oving forward is particularly

24  important considering Cisco's claims for injunctive relief on the patents no longer subject to the ITC

25  proceedings.  Such requests are especially appropriate given Arista's continued attempts to use Cisco's

26  patented technologies against it in the marketplace . . . ."  ***Supra*, Section II.**  This argument, too, is

27  belied by Cisco's own conduct.  The reason that each of the seven Cisco patents are no longer at issue

28  in the ITC is either (1) Cisco lost or abandoned its infringement claims many months ago or (2) Arista

has so clearly removed the accused functionality from its current products that Cisco chose not to pursue an enforcement action.  In other words, these patents are no longer at issue in the ITC precisely because they do not provide a credible basis to obtain injunctive relief.

All told, these facts establish that there is no urgency behind Cisco's allegations, and thus no undue prejudice were the stay to remain in place.  *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1340 (Fed. Cir. 2012) ("The fact that ActiveVideo actually sought to extend the sunset royalty period longer than Verizon wanted is further evidence that ActiveVideo is not being irreparably harmed and that money damages can adequately compensate ActiveVideo for any Verizon infringement.");  *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1359 (Fed. Cir. 2011) ("S3 did not seek a preliminary injunction, and there is no evidence that it will suffer irreparable harm stemming from the stay since it is not competing with Kodak and has pointed to no loss of business that could not be accounted for with money damages.");  *Prencipe v. Kerv Wearables Ltd.*, No. 16-CV-07159-BLF, 2017 WL 2335613, at *3 (N.D. Cal. May 30, 2017) (granting motion to stay pending resolution of ownership dispute in-part because "Esos conclusorily avers that it would suffer irreparable harm and loss of goodwill if the case is stayed . . . .  However, Esos fails to make a showing why money damages would be insufficient to remedy those harms"); *Cellectricon AB v. Fluxion Biosciences, Inc.*, No. 09-cv-3150-RMW, 2011 WL 1557987, at *1 (N.D. Cal. Apr. 25, 2011) ("And while a continuing stay will surely delay plaintiffs' case, plaintiffs appear to have known about the potential infringement as early as 2004 yet delayed in filing this action until 2009").

**B.    Jumpstarting Proceedings Now is Likely to Create Duplication, Waste, and Undue Burden**

Not only is there no urgency, but jumpstarting proceedings now will almost certainly cause duplication and burden this Court, Arista, and its witnesses.  As an initial matter, one can be virtually certain that Cisco's district court claims will not end with these seven patents.  For example, even though the PTAB found—and the Federal Circuit affirmed summarily—that every '668 patent claim that Cisco has accused Arista of infringing is unpatentable, Cisco has repeatedly signaled its intent to assert in this District Court action other '668 patent claims *that it has never asserted against Arista before* just as soon as it can.  *See* Cisco's March 7, 2018 Opposition to Motion to Stay Proceedings as

1    to the '668 Patent, at 1 and n.1.  Indeed, Cisco signals the same in footnote 5 to the very first paragraph

2    of its proposal here.

3          Cisco asserts that the patents "relate to different technologies and accused features in Arista's

4    devices, and there is no overlap between the proof needed for infringement or validity."  Cisco made

5    this same argument to the ITC in opposing Arista's motion to consolidate the 944 and 945 Proceedings.

6    Although it prevailed on that motion, time proved Cisco wrong.  All of these patents present significant

7    overlap.  Each of Cisco's twelve patents relates to the same field of technology, and Cisco accuses the

8    substantially the same products of infringing each patent.  Infringement and validity require analysis

9    of overlapping concepts related to common elements in this field including "packets," "headers,"

10   "processes," "databases," "services," "ports," "lookups," "networks," specialized memories, etc.  The

11   Court's analysis of these (and similar) terms in the seven patents Cisco wishes to pursue should be

12   informed by (and inform) their use in the remaining patents.  As to validity, Arista anticipates that the

13   patents will require analysis of overlapping patent and product prior art.  As to infringement, these

14   patents have always required overlapping discovery because (1) they relate to the same hardware, (2)

15   many relate to Arista's Extensible Operating System, and (3)  they were developed by many of the

16   same engineers.  For example, before the ITC, Cisco deposed the many of same Arista technical—

17   e.g., Dr. Duda, Dr. Holbrook, and Mr. Sweeney (Arista's senior engineers)—on both sets of patents.

18   And Cisco designated technical testimony and documents from the 944 Proceeding as trial exhibits in

19   the 945 Proceeding.  Cisco is also likely to pursue overlapping third-party discovery Arista's suppliers

20   and customers.  Finally, in addition to the common infringement and validity issues, both sets of

21   patents will have significant overlap regarding damages.  Each of the twelve patents relates to

22   overlapping, but not strictly identical, sets of Arista products.  A piecemeal approach will thus lead to

23   duplicative document collection, fact depositions, and expert discovery for issues that could be more

24   efficiently handled at once.  For example, expert analysis of sales and patent stacking presents

25   substantially the same issues for both sets of patents.  Taken together, these overlapping issues show

26   the inefficiency that would result from partially lifting the stay.

27         Cisco also asserts that "technical discovery, including document production, was substantially

28   completed in the ITC, and any supplemental discovery will be a focused and targeted matter in these

1   proceedings."  These words are eerily similar to Cisco's representation to the ITC when seeking an

2   expedited proceeding that, because the parties had exchanged discovery during a Customs and Border

3   Protection proceeding, the expedited ITC proceeding would require "limited technical discovery,"

4   "only a limited amount of discovery" and, indeed, "only minimal discovery."  September 27, 2017

5   Petition for Modification at 9; Nov. 1, 2017 Request for Expedited Determination at 2, 6.  In fact, once

6   that proceeding was underway, Cisco served document requests collectively seeking virtually every

7   technical document related to every then-current Arista product, demanded production of 770,000+

8   separate communications (*not including attachments*), deposed five fact witnesses and insisted that it

9   was entitled to more, and served hundreds of pages of expert reports…*on just two patents.*

10          The parties' experience in the 944 and 945 Proceedings confirms that Cisco is likely to demand

11  huge volumes of discovery and that—when Cisco ultimately comes back to this Court to start

12  proceedings on the '668 patent or other patents—its discovery demands on the second tier patents will

13  overlap with the first tier patents and will further burden the same witnesses and custodians needlessly.

14  It makes far more sense to wait until ITC-related proceedings on all of Cisco's patents are complete

15  before asking this Court to mediate discovery disputes and rule on substantive motions, and before

16  asking custodians and witnesses to take time from their jobs and families to attend to discovery.

17          This record counsels strongly against lifting the stay.  *ActiveVideo*, 694 F.3d at 1340;  *Spread

18  Spectrum*, 657 F.3d at 1359;  *Prencipe*, 2017 WL 2335613, at *3;  *Cellectricon*, 2011 WL 1557987,

19  at *1.  This Court's decision in *Akeena*, upon which Cisco relies, does not counsel otherwise.  In

20  *Akeena*, the Court evaluated 1) the stage of the case, 2) whether there was undue prejudice, and 3) and

21  whether the a stay would simplify the issues and streamline the trial, and then denied a request to lift

22  a stay because a request for reexamination was pending.  2011 WL 2669453 at *2.  Here, there is no

23  undue prejudice and a stay would streamline District Court proceedings, as explained above.

24  Moreover, as to the stage of the case, the District Court proceedings are in their infancy—Arista has

25  not yet filed an Answer.  But, unlike *Akeena*—where the case was initially stayed in view of

26  reexamination proceedings—here Cisco has had the opportunity to pursue its infringement claims

27  before the ITC.  Cisco loses nothing by waiting for the pending proceedings to wind down.  The Court

28  should deny Cisco's request to lift the stay.

1    **C.    The '597 Patent Remains Mired In PTAB Proceedings**

2          As outlined above, the PTAB held that ten of the asserted '597 patent claims are unpatentable

3    while others are not unpatentable, and both parties appealed.  That appeal remains pending, and may

4    result all claims at issue being patentable, all unpatentable, a mix of unpatentability, or a remand for

5    further proceedings.  Until that proceeding is final, it makes little sense to invest the Court's and

6    Arista's resources in responding to Cisco claims about that patent, subjecting witnesses to deposition,

7    and the like.  *Overland Storage, Inc. v. BTD AG (Germany)*, No. 10-cv-1700, 2014 WL 12160764, at

8    *4 (S.D. Cal. Feb. 11, 2014) ("The Court notes that other California district courts typically issues

9    stays 'pending final exhaustion of the patent reexamination proceedings, including any appeals.' . .

10   . Accordingly, the Court preliminarily grants the stay through any appeal.").  Regardless of what it

11   decides about the other six patents, the Court should not lift the stay as to the '597 patent.

12

13   Dated:  March 26, 2018                          Respectfully Submitted,

14                                                   By: */s/ Adam R. Alper*
                                                     Adam R. Alper (SBN 196834)
15                                                   adam.alper@kirkland.com
                                                     Sarah E. Piepmeier (SBN 227094)
16                                                   sarah.piepmeier@kirkland.com
                                                     Akshay Deoras (SBN 301962)
17                                                   akshay.deoras@kirkland.com
                                                     Robert N. Kang (SBN 274389)
18                                                   robert.kang@kirkland.com
                                                     **KIRKLAND & ELLIS LLP**
19                                                   555 California Street
                                                     San Francisco, CA 94104
20                                                   Telephone:  (415) 439-1400
                                                     Facsimile: (415) 439-1500
21
22                                                   Michael W. De Vries (SBN 211001)
                                                     michael.devries@kirkland.com
23                                                   **KIRKLAND & ELLIS LLP**
                                                     333 South Hope Street
24                                                   Los Angeles, California 90071
                                                     Telephone:  (213) 680-8400
25                                                   Facsimile:  (213) 680-8500

26                                                   *Attorneys for Cisco Systems, Inc.*

27                                                   *By /s/ Jeffrey G. Homrig*
                                                     Douglas E. Lumish
28                                                   Jeffrey G. Homrig

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Patricia Young
Brett M. Sandford
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Brian W. Lewis
**LATHAM & WATKINS LLP**
505 Montgomery Street

San Francisco, California 94111
Tel: (415) 646-7860
Facsimile: (415) 395-8095

*Attorneys for Defendant Arista Networks, Inc.*

1

## __ATTESTATION__

2      Pursuant to the Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the

3 filing of this document has been obtained from the other signatories.

4

5   Dated: March 26, 2018                          KIRKLAND & ELLIS LLP

6                                                  /s/ *Adam R. Alper*
7                                                  Adam R. Alper

8                                                  *Attorney for Cisco Systems, Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28